UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH LEE SLIDER, | ) | Case No.: 1:17 CV 2362 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CAPTAIN HOWELL, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Jospeh Lee Slider filed this action against Belmont Correctional Institution ("BeCI") Captain Howell, BeCI Case Manager Mr. Ruiz, BeCI Warden Ms. Potter, BeCI Investigator Bungardnel, the BeCI Institutional Inspector, Mansfield Correctional Institution ("MANCI") Sergeant Baker, MANCI Inspector King, MANCI Case Manager Mr. Kennard, the MANCI Rules Infraction Board ("RIB") Chief, the MANCI Classification Chief, and MANCI Warden Sheldon. In the Complaint, Plaintiff asserts he was involved in several physical altercations at both BeCI and at MANCI. He claims the Defendants did not take steps to adequately prevent the altercations, and did not facilitate his participation in the grievance process. He seeks monetary damages.

**Background**

Plaintiff states he was involved in a physical altercation at BeCI. He indicates he requested placement in protective custody but the BeCI Warden, Inspector and Investigator refused to grant his request. He states he was assaulted causing him to sustain injuries to his jaw, ribs, and face. He indicates the BeCI Inspector refused to mail grievances back to him.

Plaintiff then was transferred to MANCI. He contends copies of his BeCI grievances were stolen from the property room by MANCI staff. He states Baker was notified, but he does not specify what information was communicated to Baker or the manner in which it was given to him. He alleges he was jumped by multiple inmates who made him sign a refusal for protective custody. He contends he informed Inspector King of his issues at BeCI and MANCI. He indicates the RIB Chair failed to document the names of the inmates who jumped him so he was moved at a later date into the same living quarters as one of those inmates. This led to another altercation. Plaintiff was sent to segregation with loss of privileges. He states he notified Kennard, Sheldon and King, but does not provide specifics of what information he notified them, the manner in which it was conveyed or what their responses were to this information. He asserts claims for "failure to access," denial of due process and equal protection, denial of his "First Amendment right to redress all grievances," and violation of his Fifth, Sixth, and Eighth Amendment rights.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks far more than a sheer possibility that a Defendant acted

unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

Plaintiff's Complaint can be divided into two parts, consisting of claims asserted against BeCI Defendants for incidents that took place at BeCI, and claims asserted against MANCI Defendants for incidents that took place at MANCI. Because MANCI is located within the judicial district of the Northern District of Ohio, the Court will consider these incidents first.

Plaintiff asserts claims for "failure to access," denial of due process and equal protection, and denial of his "First Amendment right to redress all grievances." There is no inherent constitutional right to an effective prison grievance procedure under the First, Fifth, or Fourteenth Amendments. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Michigan Dept. of Corrections*, No. 04–1347, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005). The First Amendment is implicated in the prison grievance process only to the extent that prison officials may not retaliate against a prisoner for filing non-frivolous grievances. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff does not allege any of the Defendants retaliated against him for filing grievances. He asserts that the process itself is ineffective. This, alone, does not state a claim for violation of his constitutional rights.

Plaintiff also asserts, without explanation, that the Defendants violated his Sixth Amendment rights. Although the standard of review is liberal for *pro se* pleadings, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the factual grounds upon

which they rest to satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff does not allege any facts to suggest a plausible basis for a claim under the Sixth Amendment, and none is apparent on the face of the Complaint.

Finally, Plaintiff indicates he is asserting a claim under the Eighth Amendment. It appears he is basing this claim on allegations that the Defendants failed to protect him from other inmates. Prison officials can be held liable for an Eighth Amendment violation when the official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim for relief, Plaintiff must allege facts to suggest he was incarcerated under conditions which posed a serious risk of harm either because he personally was targeted for harm by a specific person or group, or because he belonged to an identifiable group of prisoners for whom risk of assault is a serious problem. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In addition, Plaintiff must then allege facts to suggest each of the Defendants acted with a sufficiently culpable state of mind with regard to his health or safety. *Id.* Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837).

Plaintiff fails to state a plausible Eighth Amendment claim. As an initial matter, he does not indicate why he believes he was more vulnerable to attacks than other prisoners incarcerated in the general population of MANCI. Without this information, neither the Court nor the Defendants can determine if he was incarcerated under circumstances which posed a serious risk of harm. Furthermore, he states, without explanation, that Baker, King, Kennard and Sheldon were notified. He does not indicate what information they were given, or how it was conveyed to them. With respect to King, Kennard and Sheldon, it appears they were notified after he claims inmates forced him to sign a waiver of protective custody. Plaintiff does not allege sufficient facts to reasonably suggest these Defendants were actually aware of and recognized a specific and serious threat of harm to the Plaintiff, and deliberately failed to act to protect him from that situation. Finally, he indicates the RIB Chairman failed to make notes concerning the identity of the inmates who forced him to sign the waiver, suggesting they were not charged in the incident, and the classification chairperson, unaware of the altercation, placed him in a housing assignment in close proximity to one of the inmates involved in the altercation. These allegations, without more, suggest the Defendants were negligent. Negligence will not support an Eighth Amendment claim.

Plaintiff's remaining claims are those which are asserted against the BeCI Defendants for events occurring within that prison. The Northern District of Ohio is not the proper venue for those claims. BeCI is a prison located in the Southern District of Ohio. The claims against these Defendants are therefore transferred to the United States District Court for the Southern District of Ohio.

## Conclusion

Accordingly, Plaintiff's claims against Mansfield Correctional Institution Sergeant Baker, Inspector King, Case Manager Mr. Kennard, Rules Infraction Board Chief, Classification Chief, and Warden Sheldon are dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This case shall proceed solely against Belmont Correctional Institution Captain Howell, Case Manager Mr. Ruiz, Warden Ms. Potter, Investigator Bungardnel, and the Institutional Inspector. This Court is not the proper venue for these claims. This case, therefore, is transferred to the United States District Court for the Southern District of Ohio.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT

March 23, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.